28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FIRST INTERSTATE BANK OF DENVER, Jack K. Naber, on behalf of
himself and all others similarly situated,
Plaintiffs-Appellants, IDS HIGH YIELD
TAX EXEMPT FUND INC., Plaintiff,
v.
DBLKM INC., fka Kirchner Moore & Company, Hanifen Imhoff,
Inc., Colorado Springs-Stetson Hills Public Bldg.
Authority, Kutak, Rock & Campbell, Defendants, and
Roy PRING, Central Bank & Trust Company of Denver,
Defendants-Appellees,
v.
DBLKM INC., fka Kirchner Moore & Company, Third-Party Plaintiff,
v.
RESOLUTION TRUST CORPORATION, as Conservator of Capitol
Federal Savings and Loan Association of Denver--Capitol
Federal Savings and Loan Association of Denver, Deloitte,
Haskins & Sells, Amwest Development Corporation, Amwest
Development I Limited Partnership, David J. Powers, Mark O.
Lords, George Jury Sr., Richard G. Zinn, Third-Party Defendants.
 No. 90-1315.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and TACHA, Circuit Judges, and BRIMMER, District Judge.[2]
 
 
 2
 This case is before us on remand from the United States Supreme Court after its decision reported as Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 114 S.Ct. 1439 (1994), holding that a private plaintiff may not maintain an aiding and abetting suit under 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b). The Supreme Court there specifically held that Central Bank of Denver could not be held liable as an aider and abettor, that the district court's grant of summary judgment in Central Bank's favor was correct, and that this court should not have reversed that judgment as we did in First Interstate Bank of Denver v. Pring, 969 F.2d 891 (10th Cir.1992).
 
 
 3
 We have already vacated our judgment in this case. We perceive no need for additional briefing to this court. We REMAND the case to the district court for further proceedings consistent with the Supreme Court's decision and our prior decision to the extent it has not been overruled. We note that the case was before us on the district court's grant of summary judgment in favor of Central Bank of Denver and RoyI. Pring. Pring was not a party to the appeal in the United States Supreme Court. On remand the district court must determine whether Pring was charged only for aiding and abetting or whether there is another basis for holding him liable under this court's opinion in aspects not reviewed by the Supreme Court.
 
 
 4
 IT IS SO ORDERED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation